# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CARL FARMER,

       Plaintiff,          CIVIL ACTION NO. 08-CV-10420

vs.

                            DISTRICT JUDGE JOHN CORBETT O'MEARA

COMMISSIONER OF         MAGISTRATE JUDGE MONA K. MAJZOUB
SOCIAL SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

**RECOMMENDATION:** Defendant's Motion to Dismiss should be GRANTED and the instant case dismissed.

                                      \*\*\*

Plaintiff filed his original complaint on January 30, 2008. (Docket no. 1). Plaintiff then filed an Amended Complaint on March 4, 2008. (Docket no. 4). Plaintiff now seeks review of a denial of his claim for benefits under Title II of the Social Security Act. (Docket no. 4). Defendant filed a Motion to Dismiss on April 11, 2008, asserting that the Court lacks subject matter jurisdiction. (Docket no. 5). Plaintiff filed a response to Defendant's Motion to Dismiss on April 25, 2008. (Docket no. 6). Defendant filed a Reply to Plaintiff's Response on May 2, 2008. (Docket no. 7).

Plaintiff seeks review of Administrative Law Judge (ALJ) Joel G. Fina's dismissal of his claim on the ground of res judicata. (Docket nos. 4, 9 at 8-11). The parties agree that Plaintiff met the insured status requirements of Title II through December 31, 2002. (Docket nos. 6 at 6, 9 at 3). Plaintiff filed an application for Disability Insurance Benefits on December 3, 2004 alleging disability from August 1, 1997. (Docket no. 9 at 3 and 12-14). On April 1, 2005 the Social Security

Administration denied his application at the initial stage. (Docket nos. 6 at 6, 9 at 3). Plaintiff did not further appeal the 2004 application and the April 1, 2005 decision became a final decision. (Docket nos. 6 at 6, 9 at 3). *See* 20 C.F.R. § 404.905. Plaintiff filed the current application for Disability Insurance Benefits on October 18, 2006 alleging a disability onset date of August 1, 1997. (Docket nos. 6 at 6, 9 at 3, 22-24). Plaintiff's claims were denied initially on October 23, 2006 and upon reconsideration on March 24, 2007. (Docket nos. 6 at 6, 9 at 10). Plaintiff filed a request for hearing on April 10, 2007. (Docket nos. 6 at 6, 9 at 10). On September 19, 2007 the ALJ dismissed Plaintiff's request for hearing finding that the doctrine of res judicata applied. (Docket nos. 5, 6, 9 at 8). The ALJ found that Plaintiff had a previous final determination dated April 1, 2005 for which Plaintiff did not request review. Plaintiff's April 10, 2007 request for hearing involved the same facts and issues relating to whether he was disabled prior to his insured status expiring on December 31, 2002. Plaintiff did not submit any new and material evidence and there had been no change in law affecting the facts and issues ruled upon in connection with the previously adjudicated period. (Docket nos. 5, 9 at 10-11). On November 30, 2007 the Appeals Council denied Plaintiff's request for review. (Docket nos. 5, 9 at 31).

Plaintiff appeals the ALJ's September 19, 2007 Order of Dismissal. Defendant argues that the Court lacks subject matter jurisdiction to review the Commissioner's denial of Plaintiff's claim for benefits because Plaintiff does not have a "final decision" which is subject to judicial review under 42 U.S.C. § 405(g). 42 U.S.C. § 405(g) governs judicial review of social security claims and provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy,

may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the District Court of the United States for the District of Columbia.

"The Social Security Act grants federal courts jurisdiction to review the Commissioner's decisions only if those decisions are made after a hearing." *Yeazel v. Apfel*, 148 F.3d 910, 911 (8th Cir. 1998); *see also Hilmes v. Sec'ty of Health and Human Servs.*, 983 F.2d 67, 69 (6th Cir. 1993) (upholding district court's judgment affirming secretary's dismissal of claimant's request for hearing as untimely and barred by res judicata). Further, section 405(h) guarantees that "administrative exhaustion will be required" and prevents "review of decisions of the Secretary save as provided in the [Social Security] Act, which provision is made in § 405(g)." *Weinberger v. Salfi*, 422 U.S. 749, 757 (1975).

Plaintiff has not obtained a final decision of the Commissioner after a hearing. "Denial of a request for a hearing on grounds of res judicata does not satisfy section 405(g)'s jurisdictional requirement that there be a 'final decision of the Secretary made after a hearing' in order for the district court to exercise review. In the absence of a hearing, a district court is deprived of jurisdiction to review the Secretary's decision." *Hilmes*, 983 F.2d at 69.

There is an exception to the district court's limited jurisdiction for constitutional challenges. *Id.* at 70; *Yeazel*, 148 F.3d at 911. Plaintiff in his Complaint and Response Brief alleges that he was "denied due process" under the Fifth Amendment and requests an administrative law hearing. The Court finds that this allegation is without merit. Plaintiff did not pursue the April 1, 2005 denial of his application and never requested a hearing on that denial. These are the same issues which the

ALJ determined were barred by *res judicata* in Plaintiff's later request for hearing. Plaintiff does not plead any circumstances that would constitute a denial of his due process. In *Parker v. Califano*, 644 F.2d 1199 (6th Cir. 1981), the claimant filed four applications for disability benefits alleging disability since 1961. *See id.* at 1200. The claimant failed to act upon denials of her first two applications for disability benefits and only requested reconsideration of the third application. *See id.* The claimant's fourth application alleged a disability as of 1961 due to a mental condition. The court found a denial of due process where medical evidence submitted with the later application indicated some degree of mental illness that predated the filing of her initial application. *See id.* at 1203. The Sixth Circuit Court of Appeals found that the claimant presented "a colorable argument that she failed to understand and act upon the notice she received because of her mental condition, and that a denial of benefits based upon this failure is a denial of due process." *Id.* at 1203. The court remanded for a determination "whether mental illness prevented [the claimant] from understanding and pursuing her administrative remedies following the denial of her first application for benefits." *Id.* Plaintiff made no such allegations and only generally alleges that he is entitled to a hearing, which he failed to pursue after the denial of his first application for the same time period. Plaintiff has alleged no facts setting forth a colorable constitutional claim.

Plaintiff asks the Court to reopen the prior determination. The Regulations provide that the agency may reopen a final determination or decision within 12 months of the initial determination as a matter of right and within four years upon "finding of good cause." 20 C.F.R. §§ 404.987-.989. "[T]here is good cause to reopen a determination or decision if: (1) New and material evidence is furnished; (2) A clerical error in the computation of benefits was made: or (3) The evidence that was considered in making the determination or decision clearly shows on its face that an error was

made." 20 C.F.R. § 404.989(a).  The ALJ declined to reopen Plaintiff's case and found that none of the conditions set forth in 20 C.F.R. § 404.988, which references section 404.989, is present in this case.  (Docket no. 9 at 10).  The Court does not have jurisdiction to reopen the 2005 decision or review the ALJ's dismissal of Plaintiff's claims on the basis of res judicata.  Plaintiff failed to make a colorable constitutional claim that would necessitate remanding this case.  Defendant's Motion to Dismiss should be granted and the instant Complaint dismissed.

**REVIEW OF REPORT AND RECOMMENDATION:**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation.  *See Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Rule 72.1(d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objection must be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: September 04, 2008        s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Carl Farmer and Counsel of Record on this date.

Dated: September 04, 2008        s/ Lisa C. Bartlett
                                 Courtroom Deputy